# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3661

_____

| | | |
|---|---|---|
| Linda Faye Stewart; William Stewart, | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Philip Morris, Inc., | * | |
| | * | **[TO BE PUBLISHED]** |
| Defendant - Appellee. | * | |

_____

Submitted:  December 16, 1999
Filed:   March 7, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Linda Faye Stewart and her husband, William Stewart, commenced this diversity action against Philip Morris, Inc., alleging that Linda Stewart developed lung cancer because of the absence of adequate health warnings on Marlboro cigarette packaging. The district court[1] granted summary judgment dismissing the Stewarts' tort claims, concluding all their claims are time-barred by the applicable three-year statute of limitations found in Arkansas Code Annotated § 16-116-103.  The Stewarts appeal.

_____

[1]The HONORABLE JAMES MAXWELL MOODY, United States District Judge for the Eastern District of Arkansas.

Having reviewed the record and the district court's interpretation of state law *de novo*, we agree that the Stewarts' claims are time-barred and therefore affirm.

Linda Stewart began smoking forty years ago, at the age of thirteen. In the late 1970s and early 1980s, her children read the warnings on cigarette packages to Mrs. Stewart, who is illiterate. During her second marriage, she cut down on smoking at various times because it affected her ability to breathe while jogging. In the mid-1980s, she visited a woman smoker who suffered from emphysema and came to believe she could develop emphysema from smoking. She developed "smoker's cough" in the late 1980's. In August 1994, Linda Stewart had trouble breathing, began coughing up blood, was tired all the time, lost her appetite, and experienced constant coughing. Knowing she was in poor health, she initially refused to seek medical attention, though her husband and children urged her to stop smoking and see a doctor. She eventually sought medical care and was diagnosed with lung cancer on October 26, 1994. The Stewarts filed this lawsuit in October 1997.

A cause of action accrues when the plaintiff first becomes aware of her condition, "including both the fact of the injury and the probable causal connection between the injury and the product's use." Adkinson v. G.D. Searle & Co., 971 F.2d 132, 134 (8th Cir. 1992). Given the undisputed facts of this case, we agree with the district court that Linda Stewart became aware of her injury in August 1994, more than three years before the Stewarts filed their complaint. And given her prior knowledge of the risks of smoking, discovery of the injury was discovery of its probable connection to cigarette smoking. Cf. Rotella v. Wood, No. 98-896, 2000 WL 201114 (U.S. Feb. 23, 2000).

Accordingly, the Stewarts' claims are time-barred, and the judgment of the district court must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.